# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID TRUDEAUX,

          Plaintiff,

v.                                            Case No. 20-CV-169

PAPER TRANSPORT, INC. et al.,

          Defendants.

## ORDER AND RECOMMENDATION REGARDING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

      Currently pending before the court is the plaintiff David Trudeaux's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Trudeaux's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

      However, because the court is granting Trudeaux's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic,"

2

"delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, __F.3d__, 2020 WL 240447 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Trudeaux's complaint. Trudeaux alleges that he is Jewish and observes the Sabbath. (ECF No. 1 at 5.) According to his faith, the Sabbath begins at "sundown on Friday and ends at sunset on Saturday." (*Id.*) Trudeaux alleges he became employed by Paper Transport, Inc. in December 2017 as a commercial truck driver. (*Id.* at 5-7.) Even though Trudeaux informed his manager, Ashley Kueffer, of his observation of the Sabbath, he was routinely scheduled to work such that he was returning home after sundown on Friday and not able to attend Friday services. (*Id.* at 8.) Trudeaux repeatedly complained to Kueffer and also called the EEOC Hotline. (*Id.* at 8, 14-15.) After a series of various issues relating to cell phone usage and potential safety violations, in March 2018 Trudeaux was purportedly terminated for "violating [a] DOT prohibition of using [a]

hand-held mobile telephone." (*Id.* at 11-14, 17-19.) But Trudeaux alleges that he was really terminated "in retaliation for his claim of discrimination." (*Id.* at 19.)

Liberally construing Trudeaux's complaint, as the court must all pleadings of non-attorneys, the court construes it as alleging that Paper Transport failed to accommodate his religion, *see* 42 U.S.C. § 2000e *et seq*, and retaliated against him for complaining of discrimination. Construed in this manner, the court finds the complaint satisfies the low standard necessary to proceed under 28 U.S.C. § 1915.

Having said that, several issues are raised by Trudeaux's complaint. To begin with, it is not clear who Trudeaux intends to sue. The case caption lists only "Paper Transport, Inc. dba PTI" as a defendant. (ECF No. 1 at 1.) However, in the portion of the body of the complaint where he is required to provide the name and address "for each defendant named in the complaint," Trudeaux does not name Paper Transport. (*Id.* at 1-2.) Instead, he names Ashley Kueffer, Molly Brabant, J. Garot VanderPas, and "Gerogia-Pacific," which the court construes as referring to Georgia-Pacific LLC. (*Id.* at 2.) Kueffer, Brabant, and VanderPas are listed at the same address in De Pere, Wisconsin, which appears to be the address of the headquarters of Paper Transport. (*Id.*) The address provided for Georgia-Pacific is in Muskogee, Oklahoma. (*Id.*)

Despite the fact that Trudeaux does not provide the name and address for Paper Transport in the body of the complaint, it is clear from the allegations that he intends to

bring this claim against, at least, Paper Transport. Therefore, the court construes the complaint as naming Paper Transport as a defendant.

Trudeaux alleges religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*; Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a;[1] and the Wisconsin Fair Employment Act (WFEA), Wis. Stat. §§ 111.31-111.395. However, "it is well established that Title VII claims cannot be brought against individuals in their individual capacity." *Odogba v. Wis. Dept. of Justice*, 22 F. Supp. 3d 895, 913 (E.D. Wis. 2014). Instead, "[c]laims under Title VII are properly brought only against an individual's employer." *Carter v. Dart*, 262 F. Supp. 3d 713, 716 n.1 (N.D. Ill. 2017). Therefore, to the extent he intends to sue them under Title VII, Kueffer, Brabant, and VanderPas are not proper defendants in Trudeaux's Title VII suit.

As for Georgia-Pacific, it was a "dedicated account" for Paper Transport. (ECF No. 1 at 6.) Georgia-Pacific had its own anti-discrimination policies, and any third party that contracted with Georgia-Pacific, including Paper Transport, was "require[d] [to] adhere[] to all Georgia-Pacific policies and standards of conducted [sic], including but not limited to prohibiting any and all discrimination." (*Id.* at 10.) Trudeaux further alleges that, "Third Parties [Paper Transport] are to ensure that any and all directors, managers, officers, employees, agents and representatives that devoted time to Georgia-Pacific

---

[1] Rather than creating a cause of action, this statute concerns "[d]amages in cases of intentional discrimination in employment."

matters understood the required code of conduct and be in compliance in connect [sic] with activities conducted on behalf of Georgia-Pacific." (*Id.*)

It appears from the complaint that Trudeaux was assigned at least initially to the Georgia-Pacific account. (ECF No. 1 at 6 ("Solie informed Trudeaux this [job opening] was a dedicated account for Georgia-Pacific for their tissue plant in Muskogee, OK.").) Rather than alleging discriminatory conduct against Georgia-Pacific itself – although he did name them as a defendant – it appears that Trudeaux brought up Georgia-Pacific's anti-discrimination policies to further bolster his allegations that Paper Transport engaged in illegal conduct against him. Because there is no indication that Trudeaux was ever employed by Georgia-Pacific, which was merely his employer's customer, Georgia-Pacific is also not a proper defendant in Trudeaux's Title VII suit.

The next issue raised in the complaint is whether venue is proper in the Eastern District of Wisconsin. Trudeaux is a resident of Louisiana. (ECF No. 1 at 1.) According to the complaint, Paper Transport's corporate location is in De Pere, Wisconsin. (*Id.* at 7 ("New hires are required to attend a [sic] orientation at corporate in De Pere, WI.").) Because Paper Transport is headquartered in Wisconsin, it would be subject to personal jurisdiction in Wisconsin, making venue proper here pursuant to § 1391(b)(3). Therefore, Trudeaux's Title VII claim against Paper Transport can proceed in this district.

Trudeaux also alleges that his rights under the WFEA were violated. (ECF No. 1 at 3.) The WFEA states that "no employer … may engage in any act of employment

7

Case 2:20-cv-00169-WED    Filed 02/28/20    Page 7 of 10    Document 5

discrimination as specified in s. 111.322 against any individual on the basis of … creed[.]" Wis. Stat. § 111.321. The Wisconsin Department of Workforce Development "receive[s] and investigate[s] a complaint charging discrimination." Wis. Stat. § 111.39. In the past, Wisconsin courts have disagreed about whether the WFEA created a private right of action. *Sharp v. Stoughton Trailers, LLC*, No. 15-cv-598-jdp, 2016 WL 3102241, at *2 (W.D. Wis. June 2, 2016) (citing cases).

Although there has been disagreement in the past, courts now have an answer: a private right of action under the WFEA exists only for claims filed between July 1, 2009 and April 19, 2012. *Velyov v. Frontier Airlines, Inc.*, No. 14-C-0071, 2014 WL 5312656, at *3 (E.D. Wis. Oct. 16, 2014) (footnotes omitted). As noted in *Sharp*,

> [L]egislative retooling has confirmed that the WFEA does not provide a general private right of action. A 2009 Amendment allowed individuals who prevailed on an administrative claim to bring a private suit for compensatory and punitive damages. The legislature repealed the amendment a short time later. Although a private right of action under the WFEA existed in that limited window between 2009 and 2012, the window has since closed. *Velyov*, 2014 WL 5312656, at *3."

*Sharp*, 2016 WL 3102241, at *2. *See also Fry v. Ascension Health Ministry Servs.*, No. 18-CV-1573, 2019 WL 1320320, at *3 (E.D. Wis. Mar. 22, 2019). Trudeaux alleges that the discrimination and retaliation occurred in 2018, which is not within the window for bringing a private right of action under the WFEA. Accordingly, the court recommends dismissing Trudeaux's WFEA claim.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS RECOMMENDED** that defendants Ashley Kueffer, Molly Brabant, J. Garot VanderPas, and Georgia-Pacific be **dismissed**.

**IT IS FURTHER RECOMMENDED** that Trudeaux's claim pursuant to the Wisconsin Fair Employment Act be **dismissed**.

Your attention to directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**IT IS FURTHER ORDERED** that all of Trudeaux's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Trudeaux should also retain a personal copy of each document.

Trudeaux is further advised that failure to comply with all deadlines in this matter may have serious consequences which may include the loss of certain rights or the dismissal of this entire action.

In addition, Trudeaux must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 28th day of February, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge