# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID TRUDEAUX,

                     Plaintiff,

v.

PAPER TRANSPORT INC., ASHLEY KUEFFER, MOLLY BRABANT, J. GAROT VANDERPAS, and GEORGIA-PACIFIC,

                     Defendants.

Case No. 20-CV-169-JPS

**ORDER**

      On February 3, 2020, the plaintiff, David Trudeaux ("Trudeaux"), filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (Docket #1 and #2). The case was initially assigned to Magistrate Judge William E. Duffin, and he screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), finding that certain defendants and claims should be dismissed. (Docket #5). Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, *see* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), Magistrate Judge Duffin prepared a Report and Recommendation (the "Recommendation") and the case was reassigned to a District Judge for consideration of the Recommendation.

      Construing Trudeaux's complaint generously, Magistrate Judge Duffin found that Trudeaux has alleged a claim against Paper Transport Inc. for failing to accommodate his religion, *see* 42 U.S.C. § 2000e *et seq.*, and for retaliating against him for complaining of discrimination. (Docket #5 at 5). However, Magistrate Judge Duffin found that the other defendants against whom Trudeaux alleged that claim, Ashley Kueffer, Molly Brabant, J. Garot VanderPas, and Georgia-Pacific, are not proper defendants. *Id.* at 5–7. He

recommended that they be dismissed. Finally, Magistrate Judge Duffin recommended that Trudeaux's claim under the Wisconsin Fair Employment Act, Wis. Stat. § 111.321, be dismissed because that law does not provide a private right of action for claims filed after July 2009. *Id.* at 8.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L.R. 72(c), any written objections to that recommendation, or any part thereof, were to be filed within fourteen days of the date of service of the recommendation. Trudeaux has not filed such an objection. The Court has considered Magistrate Judge Duffin's recommendation and, having received no objection thereto, will adopt it.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's Report and Recommendation (Docket #5) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that defendants Ashley Kueffer, Molly Brabant, J. Garot VanderPas, and Georgia-Pacific be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the plaintiff's claim under the Wisconsin Fair Employment Act be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint (Docket #1), Magistrate Judge Duffin's screening order (Docket #5), and this order upon the remaining defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not

made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service; and

**IT IS FURTHER ORDERED** that the remaining defendant shall file a responsive pleading to the complaint.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge