# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

---

DAVID TRUDEAUX,

    Plaintiff,

V.                                          Case No. 20-CV-169

PAPER TRANSPORT, INC.,

    Defendant,

---

## DEFENDANT MOTION FOR THE APPOINTMENT OF COUNSEL
## AND TO CONTINUE DEPOSITION UNTIL APPOINTMENT

---

TO:    Attorney Nicholas J. Linz
        Hager, Dewick & Zuengler, SC
        200 S Washington St, Suite 200
        Green Bay WI 54301

RE:    <u>David Trudeaux v. Paper Transport, Inc.</u>
        Case No. 20-CV-169

    NOW COMES Plaintiff, David Trudeaux, pro se, to move the Court for the appointment of counsel in the matter of David Trudeaux v. Paper Transport, Inc. and continuance for depositions until representation can be appointed.

On February 1, 2021 plaintiff received the Defendant's first set of interrogatories, request for production of documents through its attorneys, Hager, Dewick, & Zuengler, SC dated January 21, 2021. Upon review of and in preparation to respond, plaintiff became aware of the Court's consistent holding in Hilliard v. Volcker, 659 F.2d 1125 (DC Cir 1981) which held that agencies must inform complainants unsuccessful in the administration process, *in writing*, of their statutory right to request the appointment of counsel for representation in connection with the filing of civil actions that arise under Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act.

According to the EEOC website, in Hilliard, the Court held that agencies must inform complainants unsuccessful in the administrative process that, in the event they file a civil action, the court has discretionary authority to appoint counsel for them. In the EEOC Dismissal and Notice of Rights provided the plaintiff, the agency provided in writing his Notice of Suit Rights but failed to inform plaintiff of his statutory right for the appointment of counsel in their notice or otherwise in writing.

The EEOC further noted that under Hilliard a litigant who fails to request counsel should not be penalized because an agency has been remiss in its duty to inform the complainant of the Court's authority. The agency was remiss of its duty to inform plaintiff in this matter and this failing has been adverse for plaintiff having representation in this matter.

Due to administrative error, Plaintiff only received the Dismissal and Notice of Rights nearly midway through the 90-day limit allowed to file suit. Upon receipt plaintiff was warned by the agency this delay did not extend this time limit and stated that not even the Court could make any extension for filing suit. Wholly unfamiliar with the process, plaintiff proceeded pro se to avoid being time barred from filing suit but also began seeking counsel. He approaching several

firms in the Eastern Wisconsin and Chicago regions. Attorneys at Cross Law Firm; Gillick Wicht, Gillick & Graf; DVG Law Partner and Sweet & Associates of Milwaukee; the Parins Law Firm of Green Bay; and Wood Law Office in Chicago. In each instance, he was advised that representation would require a retainer which beyond his means. Plaintiff requested pro bono representation or to be represented on a contingency basis. These requests were summarily denied.

Plaintiff continued his efforts to obtain representation by reaching out to the Anti-Defamation League (ADL) for a lawyer referral in this matter. This request was sent to the Midwest chapter and the ADL Midwest referred plaintiff to Madison Employment Law and Civil Rights Attorney Amy F. Scarr, SC. Attorney Scarr declined representation, indicating she did not typically involve herself in a case so far along in the process.

The Court having already found that plaintiff economically disadvantages and waiving his fees to file suit. Due to the pandemic, plaintiff has depleted his savings and remains unemployed. He remains depended on the provision of room and board by an associate. His sole income for 2020 came in the form of Stimulus checks from the Government and so did not file income taxes.

Plaintiff does therefore pray this Court will be so moved as to appoint counsel in this matter and grant continuance of deposition until such time the issue of representation is resolved.

Dated at Pollock, Louisiana, this 15TH day of February, 2021

_____
Plaintiff DAVID TRUDEAUX

david.trudeaux@gmail.com
2007 Hardwater Lake Road
Pollock LA 71467
(501) 414-6256

- 3 - | Page
Case 2:20-cv-00169-WED   Filed 03/02/21   Page 3 of 3   Document 33