# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID TRUDEAUX,

          Plaintiff,

v.                               Case No. 20-CV-169

PAPER TRANSPORT INC.,

          Defendant.

## ORDER

Currently pending before the court is Plaintiff David Trudeaux's motion to appoint counsel and continue deposition until appointment. (ECF No. 33.)

Unlike persons facing criminal charges, civil litigants do not have a constitutional or statutory right to appointed counsel. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014); *Santiago v. Walls*, 599 F.3d 749, 752 n.1 (7th Cir. 2010). Courts lack the authority to "appoint" an attorney to represent a civil litigant. *Santiago*, 599 F.3d at 752 n.1; *see also Mallard v. United States Dist. Court for Southern Dist.*, 490 U.S. 296, 307 (1989). Instead, a court may merely "request an attorney to represent" a person who is unable to afford counsel. 18 U.S.C. § 1915(e)(1). Moreover, the court lacks funds to compensate an attorney for time spent representing an indigent civil litigant. Thus, although often referred to as

"appointing" an attorney, this is just convenient shorthand. *Santiago*, 599 F.3d at 752 n.1. In reality, this court's role is limited to attempting to recruit a volunteer who is willing to accept a case free of charge.

Deciding whether or not to attempt to recruit a volunteer attorney "is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Henderson*, 755 F.3d at 564 (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Thus, the court is forced to limit its recruitment of volunteer attorneys to those litigants who need counsel the most. *Id.*

In determining whether it is appropriate to attempt to recruit a volunteer attorney to represent an indigent litigant, the first question the court must consider is whether the litigant made reasonable attempts to secure private counsel on his own. *Romanelli v. Suliene*, 615 F.3d 847, 849 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Once this threshold burden has been met, the court considers the information it has about the plaintiff and the case and determines whether it appears that the case is so difficult that the plaintiff would be unable to adequately litigate it. *Henderson*, 755 F.3d at 565. A lack of legal knowledge or even general educational deficits, standing alone, are not sufficient to merit the recruitment of counsel, for the former is true of nearly all and the latter true of many pro se litigants. *Pruitt*, 503 F.3d at 655. It is also not enough that a lawyer might do a better job handling a case. Rather, the question is whether the case is

so complex that a person of the plaintiff's abilities would be unable to coherently present the case to a judge or a jury. *Henderson*, 755 F.3d at 565.

Trudeaux states he approached several local firms seeking representation and lists five which required a retainer beyond his means and denied pro bono and contingency fee representation. (ECF No. 33 at 2-3.) The court finds Trudeaux has made a reasonable attempt to find an attorney on his own.

However, his case is not complex and his filings demonstrate that he is capable of litigating on his own, at least at this stage in the proceedings. Trudeaux alleges his former employer terminated him in retaliation for his claim of religious discrimination. (ECF No. 1 at 8, 19.) Trudeaux's filings so far indicate that he is capable of conducting discovery related to his claims and also engaging in pretrial motion practice. If the case proceeds beyond the dispositive motion stage Trudeaux may renew his request for counsel. Based on the foregoing, the court will at this time deny without prejudice Trudeaux's motion to appoint counsel.

**IT IS THEREFORE ORDERED** that Trudeaux's motion for the appointment of counsel and to continue deposition until appointment (ECF No. 33) is **denied** without prejudice.

Dated at Milwaukee, Wisconsin this 16th day of March, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge