UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID TRUDEAUX,

     Plaintiff,

v.            Case No. 20-CV-169

PAPER TRANSPORT, INC.,

     Defendant.

## ORDER

  Currently pending before the court is David Trudeaux's "Motion for the Appointment of Counsel for Pro Se Litigant." (ECF No. 58.) The motion is captioned for the Court of Appeals for the Seventh Circuit but was filed with this court. This is Trudeaux's fifth motion for the appointment of counsel. (*See* ECF No. 33, 38, 53, 58); *see also Trudeaux v. Paper Transp., Inc.*, No. 20-CV-169, 2022 U.S. Dist. LEXIS 4956 (E.D. Wis. Jan. 11, 2022); *Trudeaux v. Paper Transp. Inc.*, No. 20-CV-169, 2021 U.S. Dist. LEXIS 48656 (E.D. Wis. Mar. 16, 2021).

  As the court previously stated, federal courts lack the authority to "appoint" counsel to represent a civil litigant. *Trudeaux*, 2021 U.S. Dist. LEXIS 48656, at *1 (citing *Mallard v. United States Dist. Court for Southern Dist.*, 490 U.S. 296, 307 (1989); *Santiago v.*

*Walls*, 599 F.3d 749, 752 n.1 (7th Cir. 2010)). The most the court can do is attempt to recruit an attorney who is willing to work for free. 28 U.S.C. § 1915(e)(1). Recruiting an attorney, however, is a difficult task. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). "[B]ecause the number of available pro bono lawyers pales in comparison to the countless requests for counsel that courts receive each day, district courts 'are placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most.'" *Roberts v. Jezuit*, No. 21-3022, 2022 U.S. App. LEXIS 25080, at *5 (7th Cir. Sep. 7, 2022) (quoting *Olson*, 750 F.3d at 711).

Not only would most litigants prefer to have attorneys, but so too would the court prefer to have all litigants represented by counsel. The training possessed by a lawyer makes proceedings run smoother. To that end, the court has developed a robust program for the recruitment of pro bono counsel. *See, e.g.*, Eastern District of Wisconsin, *Pro Bono Program*, https://www.wied.uscourts.gov/pro-bono-program. But attorneys, like all workers, are disinclined to work for free. And there are compelling arguments as to why it is improper for courts to require any lawyer to work without compensation, including that doing so would violate the 13th Amendment's prohibition of involuntary servitude. *See, e.g.*, John C. Scully, *Mandatory Pro Bono: An Attack on the Constitution*, 19 Hofstra L. Rev. 1229 (1991). Given that more than a quarter of all federal civil actions involve at least one pro se litigant, *see* United States Courts, *Just the Facts: Trends in Pro*

*Se Civil Litigation from 2000 to 2019* (Feb. 11, 2021), https://www.uscourts.gov /news/2021/02/11/just-facts-trends-pro-se-civil-litigation-2000-2019, it is impossible to recruit counsel for every pro se litigant who wishes to have counsel.

Thus, other mechanisms have developed to foster the ability of litigants with meritorious claims being able to obtain private counsel. For example, the court is sometimes able to recruit counsel to represent a litigant for limited purposes, such as at mediation. The court was able to do so here. But the mediation proved unsuccessful, and counsel has not expressed a willingness to continue to represent Trudeaux.

The standard for whether it is appropriate to attempt to recruit counsel is not whether counsel might do a better job than an unskilled litigant; it is presumed that this will almost always be true. Rather, "when deciding whether to recruit counsel, district courts must ask if 'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Roberts*, 2022 U.S. App. LEXIS 25080, at *5 (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).

While every case is challenging for a litigant untrained in the law, in the scope of federal litigation this case is relatively simple and straightforward. Having attended some college, Trudeaux is far more educated than many federal pro se litigants. (ECF No. 38 at 2.) Although Trudeaux is able to point to difficulties he encountered as a result of his lack a familiarity with the law, in doing so he actually demonstrates his

competence to present his claims and arguments. (*See, e.g.*, ECF No. 38.) For example, he notes that the arguments in his motion were copied from an online article regarding *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007). He states, "This does not make [me] legally competent, merely a good plagiarizer." (ECF No. 38 at 6.) While lawyers would dispute the characterization of their work as plagiarism, this is actually the foundation of legal argument—finding other authorities that support what you want to say and turning that authority to your use. Trudeaux has demonstrated an aptitude in this basic legal skill.

This matter is now ready for trial. Trial is perhaps the most difficult portion of a case for a pro se litigant. But litigants routinely present their cases to juries.

This is a case that a layperson such as Trudeaux could be expected to be able to effectively present to a jury. The defendant employed Trudeaux for a few months as a commercial truck driver. He alleges that the defendant failed to accommodate his religious beliefs so as to ensure that he was home by sundown on Fridays. *Trudeaux*, 2022 U.S. Dist. LEXIS 4956, at *6. The defendant contends that it did what it could and Trudeaux was unable to make it home in time only because of his own scheduling mishaps. *Id*. Thus, the principle legal questions are whether the defendant reasonably accommodated Trudeaux's religion and if not, whether doing so would have placed an undue hardship on the defendant's business. 42 U.S.C. § 2000e(j); *Reed v. Great Lakes*

*Cos.*, 330 F.3d 931, 934 (7th Cir. 2003). These are not complicated matters for a pro se litigant to present to a jury.

In addition to being legally straight-forward, Trudeaux's claim is factually narrow. His claim is limited to a period of only seven weeks, from January 2018 through late February 2018. *Trudeaux*, 2022 U.S. Dist. LEXIS 4956, at *14.

Consequently, because the difficulty of the case factually and legally does not exceed Trudeaux's capacity as a layperson to coherently present it to the jury, his "Motion for the Appointment of Counsel for Pro Se Litigant" (ECF No. 58) will be denied.

**IT IS THEREFORE ORDERED** that Trudeaux's "Motion for the Appointment of Counsel for Pro Se Litigant" (ECF No. 58) is denied.

**IT IS FURTHER ORDERED** that Attorney Lili C. Behm, having agreed to represent Trudeaux only for the purposes of mediation, is relieved of any further obligation in this matter. The court sincerely thanks Attorney Behm for having volunteered to serve as pro bono counsel in this matter.

**IT IS FURTHER ORDERED** that the Clerk shall set a telephonic scheduling conference. At the conference, the court will set this matter for a jury trial.

Dated at Milwaukee, Wisconsin this 26th day of September, 2022.

WILLIAM E. DUFFIN
U.S. Magistrate Judge