# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID TRUDEAUX,

        Plaintiff,

v.                                       Case No. 20-CV-169

PAPER TRANSPORT, INC.,

        Defendant.

## DECISION AND ORDER

On April 10, 2024, David Trudeaux filed a document captioned, "Notice of Appeal and Pro Se Motion to Reverse and Reset Decision to Grant Defendant's Oral Motion to Dismiss with Prejudice." (ECF No. 118.) Insofar as this document constitutes a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), it is **denied**.

"A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). "[A] Rule 59(e) motion is not a fresh opportunity to

present evidence that could have been presented earlier." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013).

The court gave Trudeaux an opportunity to fully explain why this action should not be dismissed. Therefore, the facts he asserts in his present motion are not properly before the court and do not constitute a basis to reconsider its prior decision, *see Trudeaux v. Paper Transp., Inc.*, No. 20-CV-169, 2024 U.S. Dist. LEXIS 45006 (E.D. Wis. Mar. 13, 2024). He does not present anything that would constitute "newly discovery evidence."

As the court explained before, it finds itself between a proverbial rock and a hard place. Given the deterioration of his mental health, the court concluded that it was appropriate to attempt to recruit counsel for Trudeaux. But not only was no attorney willing to take this case on a contingency or fee-shifting basis as is routine for plaintiffs with employment discrimination claims, no attorney would accept the court's solicitation to take the case on a pro bono basis. *See Trudeaux v. Paper Transp., Inc.*, No. 20-CV-169, 2024 U.S. Dist. LEXIS 31094, at *15 (E.D. Wis. Feb. 23, 2024) ("Although it is the court's preference that Trudeaux be represented by counsel, it simply has no means to make that happen.").

On the other side, largely because of delays requested by Trudeaux, the defendant had waited more than four years for this matter to finally be brought to trial and was anxious to get the case behind it. The court was given no reason to suspect that

any further delay would result in any change of circumstances, either in an improvement in Trudeaux's mental health or in the court finding an attorney willing to represent Trudeaux. And even if an attorney agreed to represent Trudeaux pro bono, Trudeaux almost certainly would still be required to appear in court in Milwaukee.

To be clear, the court did not, and does not, find that Trudeaux was incapable of litigating this matter on his own. Notwithstanding his impairments, in this and other federal actions he litigated without counsel, Trudeaux demonstrated that he is able to understand the applicable law and articulate his positions in a manner far above that of most pro se litigants. The court merely concluded that, under all the circumstances, it was appropriate to attempt to recruit an attorney for Trudeaux. When that proved unsuccessful, it was necessary to move the case forward.

The explanations that Trudeaux provided when the court asked him to explain why he had twice failed to appear at trial and why the case should not be dismissed were unpersuasive and unavailing. As the court noted, Trudeaux's conduct and explanations did not reflect a sincere and good faith attempt to appear as required for trial. *Trudeaux*, 2024 U.S. Dist. LEXIS 45006, at *7. With no reason to suspect that circumstances would change with any further delay, the court concluded that dismissal with prejudice was appropriate in light of the unavailability of any lesser sanction, the marginal merits of Trudeaux's case, and the minimal damages at issue. *Id.* at *11. In his

present motion, Trudeaux has not shown that it is appropriate for the court to alter or amend its judgment.

**IT IS THEREFORE ORDERED** that the plaintiff's motion (ECF No. 118) is **denied**.

Dated at Milwaukee, Wisconsin this 11th day of April, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge